UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

YORLENY VIDES, for herself,
and on behalf of others similarly situated,

    Plaintiff (s),

v.

MCK FLORIDA LLC,
d/b/a OSAKA MIAMI,
MASTER CLEAN PRO SERVICES, LLC
and WB HOSPITALITY SERVICES, INC.,

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff YORLENI VIDES for herself and on behalf of other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendants MCK FLORIDA LLC, d/b/a OSAKA MIAMI, MASTER CLEAN PRO SERVICES, LLC, and WB HOSPITALITY SERVICES, INC., and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff YORLENI VIDES is a resident of Miami-Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant MCK FLORIDA LLC, d/b/a OSAKA MIAMI (hereinafter OSAKA MIAMI, or Defendant) is a Florida Limited Liability Company having a place of business in Miami-Dade County within this Honorable Court jurisdiction. At all times, Defendant was engaged in interstate commerce.

4. Defendant MASTER CLEAN PRO SERVICES, LLC (hereinafter MASTER CLEAN, or Defendant) is a Florida Limited Liability Company having a place of business in Miami-Dade County within this Honorable Court jurisdiction. At all times, Defendant was engaged in interstate commerce.

5. Defendant WB HOSPITALITY SERVICES, INC. (hereinafter WB HOSPITALITY or Defendant) is a Florida Profit Corporation having a place of business in Miami-Dade County within this Honorable Court jurisdiction. At all times, Defendant was engaged in interstate commerce.

6. Defendants OSAKA MIAMI, MASTER CLEAN, and WB HOSPITALITY are joint employers of Plaintiff. They also constitute a joint enterprise for the purpose of reaching the $500,000.00 threshold, which triggers enterprise coverage.

7. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

8. This cause of action is brought by Plaintiff YORLENI VIDES to recover from Defendants unpaid overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* the "FLSA" or the "ACT."

**Enterprise Coverage**

9. The Defendant companies were, at all times pertinent to this Complaint, engaged in interstate commerce. At all times pertinent to this Complaint, Defendants operated as organizations that sell and/or market and/or handle their services and/or goods and/or materials to customers from throughout the United States. and also provide its services for goods sold and transported from across state lines of numerous other states. The corporate Defendants received goods and materials that moved in commerce, and Plaintiff and/or two or more employees handled those goods on a frequent and recurrent basis. The Defendant entities obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside Florida, and otherwise regularly engage in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Defendant entities was at all times material hereto in excess of $500,000.00 per annum and/or Plaintiff, by virtue of working in interstate commerce, otherwise, satisfy the FLSA's requirements. Plaintiff's work for the Defendant entities was in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.
10. By reason of the foregoing, the Defendants were and are, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff and those similarly situated are within interstate commerce.

**Joint Enterprise Aggregation of Income to Reach $500,000.00 Threshold**

11. Defendant (1) OSAKA MIAMI, together with (2) MASTER CLEAN and (3) WB HOSPITALITY, operated as an "enterprise," as defined in 29 U.S.C. § 203 (r); 29 C.F.R. § 779.202. The combined income of the entities may be aggregated to meet the $500,000.00 threshold and establish enterprise coverage. The three entities functioned as a single unit for the purpose of providing dishwasher services through the labor of Plaintiff. *Cornell v. CF Ctr., LLC*, 410 Fed. Appx. 265, 267 (11th Cir. 2011). The entities performed related activities using their employees to perform dishwasher services and labor, jointly created business schedules, shared employees and managers, and provided mutually supportive services. The entities performed unified operations, they engaged in restaurant activities through a unified operation, and/or were commonly controlled and had a common business purpose (i.e., the operation of the restaurant business).

### Joint Employment

12. The corporate Defendant, OSAKA MIAMI, is an international "Nikkei" restaurant located at 1300 Brickell DR, Miami, FL 33131, where Plaintiff worked. Defendant OSAKA MIAMI is the contractor for cleaning and janitorial services of MASTER CLEAN and WB HOSPITALITY.

13. Corporate Defendant MASTER CLEAN is a cleaning and janitorial company that employed Plaintiff to work at OSAKA MIAMI restaurant as a dishwasher. Defendant MASTER CLEAN employed Plaintiff from Approximately October 01, 2021, to August 15, 2022, or 45 weeks.

14. Corporate Defendant WB HOSPITALITY is a cleaning and janitorial company that employed Plaintiff to work at OSAKA MIAMI restaurant as a dishwasher. Defendant WB

HOSPITALITY employed Plaintiff from approximately August 16, 2022, to March 27, 2023, or 32 weeks.

15. Defendants OSAKA MIAMI, MASTER CLEAN, and WB HOSPITALITY were joint employers of Plaintiff because: 1) Corporate Defendants were equally responsible for the work performed at Osaka Miami restaurant, where Plaintiff and the other similarly situated employees worked; 2) Defendants through their owners/managers had equal and absolute control over the schedules of Plaintiff and other employees similarly situated; 3) Defendants through their management jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 4) the work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of the Defendant companies; 5) the Corporate Defendants had equal power to hire and to fire employees; 6) Defendants' employees and supervisors supervised schedules and times records of Plaintiff and other similarly situated individuals; 7) Defendants supervised operations wearing OSAKA MIAMI's uniforms, 8) Defendants engaged in a conspiracy where OSAKA MIAMI used MASTER CLEAN and WB HOSPITALITY to pay the wages of OSAKA MIAMI's employees, to avoid overtime pay, payroll taxes, and worker compensations expenses, and as such became a unified operation.

16. Therefore, Defendant companies equally hired and fired employees, supervised and controlled Plaintiff's' work schedules, and maintained employment records of Plaintiff and other similarly situated individuals. Because the work performed by Plaintiff and other similarly-situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interests, Defendants OSAKA MIAMI, MASTER CLEAN, and WB HOSPITALITY are joint employers of Plaintiff.

17. Defendants OSAKA MIAMI, MASTER CLEAN, and WB HOSPITALITY are also the joint employers of Plaintiff and other similarly situated employees under the FLSA's broad definition of "employer" (29 USC §203 (d)), and they are jointly and severally liable for Plaintiff's damages.

18. In the alternative, Defendant companies directly employed Plaintiff. Defendants OSAKA MIAMI, MASTER CLEAN, and WB HOSPITALITY employed Plaintiff YORLENI VIDES.

### Plaintiff's Work

19. Plaintiff YORLENI VIDES worked at OSAKA MIAMI restaurant from October 01, 2021, to March 27, 2023, or 77 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 75 weeks. (Plaintiff did not work overtime during her last two weeks of employment.

20. While working at OSAKA MIAMI restaurant, Plaintiff worked as follows:

21. <u>1.- From approximately October 01, 2021, to August 15, 2022, or 45 weeks,</u> Plaintiff worked at OSAKA MIAMI restaurant as a dishwasher.

22. In that period, Defendant MASTER CLEAN was the joint Employer of Plaintiff.

23. Plaintiff had duties as a dishwasher, and she had a wage rate of $14.00 an hour.

24. While employed by Defendants OSAKA MIAMI and MASTER CLEAN, Plaintiff worked six days per week, from Tuesday to Sunday, a total of 48 hours.

25. Plaintiff worked in excess of 40 hours, and she was paid for all her hours but at her regular rate.

26. Plaintiff clocked in and out and worked under the supervision of Defendants' employees/supervisors. Defendants were in complete control of Plaintiff's schedules and

time records. Defendants knew the real number of hours that Plaintiff and other similarly situated individuals were working.

27. Therefore, during the relevant period of time, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

28. Plaintiff was paid with checks from MASTER CLEAN.

29. In this period, Plaintiff is owed half-time for eight overtime hours.

30. <u>2.-From approximately August 16, 2022, to March 27, 2023, or 32 weeks</u>, Plaintiff continued her work at OSAKA MIAMI restaurant as a dishwasher.

31. In that period, Defendant WB HOSPITALITY was the joint Employer of Plaintiff.

32. Plaintiff's wage rate was $14.00 an hour.

33. While employed by Defendants OSAKA MIAMI and WB HOSPITALITY, Plaintiff worked five days per week, a total of 45 hours.

34. Plaintiff worked in excess of 40 hours, and she was paid for all her hours but at her regular rate.

35. Plaintiff clocked in and out, and she worked under the supervision of Defendants' employees/supervisors. Defendants were in complete control of Plaintiff's schedules and time records. Defendants knew the real number of hours that Plaintiff and other similarly situated individuals were working.

36. Therefore, during the relevant period of time, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate for every hour that she

worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

37. Plaintiff was paid with checks from WB HOSPITALITY.

38. In this period, Plaintiff is owed half-time for five overtime hours.

39. Plaintiff was fired by Defendants OSAKA MIAMI and WB HOSPITALITY after she complained about the lack of payment for overtime hours.

40. Plaintiff is not in possession of time and payment records, but she will provide a good-faith estimate about her unpaid half-time overtime hours.

41. Plaintiff YORLENI VIDES seeks to recover half-time overtime hours, retaliatory damages, liquidated damages, and any other relief as allowable by law.

42. The additional persons who may become Plaintiff in this action are employees and/or former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and/or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME AGAINST DEFENDANTS OSAKA MIAMI and MASTER CLEAN

43. Plaintiff YORLENI VIDES re-adopts every factual allegation stated in paragraphs 1-42 above as if set out in full herein.

44. This cause of action is brought by Plaintiff YORLENI VIDES as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all

other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after October 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

45. Defendants OSAKA MIAMI and MASTER CLEAN employed Plaintiff YORLENI VIDES as a non-exempted restaurant employee, approximately from October 01, 2021, to August 15, 2022, or 45 weeks.

46. Plaintiff was a non-exempted, full-time dishwasher. Plaintiff's wage rate was $14.00 an hour.

47. While employed by Defendants, Plaintiff worked six days per week, a total of 48 hours.

48. Plaintiff was paid for all her working hours but at her regular rate.

49. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours, as required by law.

50. Plaintiff clocked in and out of OSAKA MIAMI's computer. Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.

51. Therefore, during the relevant period of time, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

52. Plaintiff was paid with checks from MASTER CLEAN.

53. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession

and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

54. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

55. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

56. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid half-time overtime wages is as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Two Thousand Five Hundred Twenty Dollars and 00/100 ($2,520.00)

   b. <u>Calculation of such wages</u>:

   Total time of employment: 77 weeks
   Relevant weeks of employment: 45 weeks
   Total number of hours worked: 48 hours weekly
   Total number of paid hours: 48 hours
   Total number of O/T hours: 8 O/T hours
   Regular rate: $14.00 x 1.5= $21.00 O/T rate
   O/T rate $21.00-$14.00 O/T rate paid= $7.00 half-time difference
   Half-time: $7.00 an hour

   $7.00 x 8 O/T hours O/T=$56.00 weekly x 45 weeks=$2.520.00

   c. <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid half-time overtime wages.[1]

57. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

58. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages, and Plaintiff and those similarly-situated are entitled to recover double damages.

59. Defendants OSAKA MIAMI and MASTER CLEAN willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

60. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff YORLENI VIDES and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff YORLENI VIDES and other similarly situated individuals and against the Defendants OSAKA MIAMI and MASTER CLEAN, based on

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves her right to amend the calculations.

Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff YORLENI VIDES actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff YORLENI VIDES demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME AGAINST DEFENDANTS OSAKA MIAMI and WB HOSPITALITY

61. Plaintiff YORLENI VIDES re-adopts every factual allegation stated in paragraphs 1-29 and 41-42 above as if set out in full herein.

62. This cause of action is brought by Plaintiff YORLENI VIDES as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after August 2022, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

63. Defendants OSAKA MIAMI and WB HOSPITALITY employed Plaintiff YORLENI VIDES as a non-exempted restaurant employee, approximately from August 16, 2022, to March 27, 2023, or 32 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 30 weeks. Plaintiff did not work overtime hours during her last two weeks of employment.

64. Plaintiff was a non-exempted, full-time dishwasher. Plaintiff was paid $14.00 an hour.

65. While employed by Defendants, Plaintiff worked five days per week, a total of 45 hours.

66. Plaintiff was paid for all her working hours but at her regular rate.

67. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours, as required by law.

68. Plaintiff clocked in and out of OSAKA MIAMI's computer. Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.

69. Therefore, during the relevant period, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

70. Plaintiff was paid with checks from WB HOSPITALITY.

71. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

72. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

73. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

74. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of filing this Complaint, Plaintiff's good faith estimate of unpaid half-time overtime wages is as follows:

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    One Thousand Five Fifty Dollars and 00/100 ($1,050.00)

    b. <u>Calculation of such wages</u>:

    Total time of employment: 77 weeks
    Relevant weeks of employment: 30 weeks
    Total number of hours worked:  45 hours weekly
    Total number of paid hours: 45 hours
    Total number of O/T hours: 5 O/T hours
    Regular rate: $14.00 x 1.5= $21.00 O/T rate
    O/T rate $21.00-$14.00 O/T rate paid= $7.00 half-time difference
    Half-time: $7.00 an hour

    $7.00 x 5 O/T hours=$35.00 weekly x 30 weeks=$1,050.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid half-time overtime wages.[2]

75. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves her right to amend the calculations.

properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

76. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages, and Plaintiff and those similarly-situated are entitled to recover double damages.

77. Defendants OSAKA MIAMI and WB HOSPITALITY willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

78. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff YORLENI VIDES and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff YORLENI VIDES and other similarly situated individuals and against the Defendants OSAKA MIAMI and WB HOSPITALITY, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff YORLENI VIDES actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff YORLENI VIDES demands trial by jury of all issues triable as of right by jury.

## COUNT III:
### FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3; AGAINST DEFENDANTS OSAKA MIAMI and WB HOSPITALITY

79. Plaintiff YORLENI VIDES re-adopts every factual allegation stated in paragraphs 1-20 and 30-42 of this Complaint concerning Defendant WB HOSPITALITY as if set out in full herein.

80. Defendants OSAKA MIAMI and WB HOSPITALITY were and are engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

81. 29 USC § 207 (a) (1) states, "If an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

82. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

83. Defendants OSAKA MIAMI and WB HOSPITALITY employed Plaintiff YORLENI VIDES as a restaurant employee approximately from August 16, 2022, to March 27, 2023, or 32 weeks.

84. Plaintiff was a non-exempted, full-time, hourly employee, working five days per week, more than 45 hours weekly.

85. Plaintiff had dishwasher duties working at OSAKA MIAMI restaurant, located at 1300 Brickell Bay Dr, Miami, FL 33131.

86. While working at OSAKA MIAMI restaurant, Plaintiff worked five days per week, a total of 45 hours. Plaintiff was paid for all her hours but at her regular rate.

87. Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours, as required by law.

88. Plaintiff clocked in and out at OSAKA MIAMI's computer. Defendants were able to track and monitor the hours worked by Plaintiff and other similarly situated individuals.

89. Therefore, during the relevant period, Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

90. Plaintiff was paid with checks from WB HOSPITALITY.

91. Plaintiff never agreed with the lack of payment for her overtime hours, and she complained often to her superiors.

92. On or about March 10, 2023, Plaintiff complained about unpaid wages to OSAKA MIAMI's Chef.

93. These complaints constituted protected activity under the FLSA.

94. Due to Plaintiff's complaints, Plaintiff's working hours were reduced from 45 to 30 hours weekly.

95. Finally, on or about March 27, 2023, Defendants fired Plaintiff.

96. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than unlawful employment practices or retaliation to discharge Plaintiff.

97. There is close proximity between Plaintiff's protected activity and the adverse employment actions against her.

98. The motivating factor which caused Plaintiff's termination, as described above, was her complaints seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for her complaints about unpaid overtime wages.

99. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiff has been damaged.

100. Plaintiff YORLENI VIDES has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff YORLENI VIDES respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants OSAKA MIAMI and WB HOSPITALITY that Plaintiff YORLENI VIDES recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendants OSAKA MIAMI and WB HOSPITALITY to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff YORLENI VIDES further prays for such additional relief as the interests of justice may require.

JURY DEMAND

Plaintiff YORLENI VIDES demands trial by a jury of all issues triable as of right by a jury.

Date:  April 30, 2023

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com